UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRAVIS W. KRONTZ,<br><br>            Plaintiff,<br><br>        v.<br><br>ANDREW SAUL, Commissioner of the<br>Social Security Administration,<br><br>            Defendant. | CAUSE NO.: 1:17-CV-305-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Authorization of Attorney Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b) [ECF No. 26]. The Plaintiff's attorney requests attorney fees in the net amount of $4,909.25 pursuant to 42 U.S.C. § 406(b). The Defendant filed a Response [ECF No. 28] indicating that he does not oppose the Plaintiff's Motion. For the reasons stated below, the Plaintiff's Motion is GRANTED.

**BACKGROUND**

The Plaintiff initiated this action for judicial review of the Commissioner of Social Security's decision denying his application for disability insurance benefits. On August 7, 2018, the Court granted the Plaintiff's request, reversing and remanding for further proceedings. ECF No. 22. On November 2, 2018, the Court awarded $6,400.00 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. ECF No. 25.

On remand, the Social Security Administration issued a Notice of Award entitling the Plaintiff to past-due disability insurance benefits, twenty-five percent of which ($17,309.25) was withheld for the payment of attorney fees. *See* Notice of Award 6, ECF No. 26-2. The Plaintiff's attorney filed the instant motion [ECF No. 26] on December 15, 2020, requesting that the Court

award attorney fees pursuant to § 406(b) in the net amount of $4,909.25. This amount is based on the retainer agreement between the Plaintiff and his attorney [ECF No. 26-3], in which the Plaintiff agreed to pay his attorney twenty-five percent of all past-due benefits for work at the federal court level. The total requested § 406(b) award equals $11,309.25 based on the withheld twenty-five percent of past-due benefits of $17,309.25 minus the $6,000.00 attorney fee already paid under § 406(a) for work at the administrative level. The remaining withheld $11,309.25 for the § 406(b) fee is then offset by the EAJA fee in the amount of $6,400.00 for a net payment to the attorney of $4,909.25. The attorney requests that the remaining $6,400.00 representing the EAJA offset amount be released by the Social Security Administration to the Plaintiff.

## ANALYSIS

The Plaintiff's counsel requests a net payment of $4,909.25 in attorney fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Id.* 808. In addition, an award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Id.* at 796.

In this case, the requested amount of attorney fees is consistent with the contingency agreement. The proposed fee equals an effective hourly rate of approximately $439 for the total requested § 406(b) fee award. *See* Pl's Mot. 2, ¶ 6 (reflecting 25.75 attorney hours). Such an hourly rate is reasonable given the contingent nature of this case. *See, e.g.*, *Osmun v. Comm'r of Soc. Sec.*, 1:16-CV-273, 2020 WL 7334271, *3 (N.D. Ind. Dec. 14, 2020) (effective hourly rate of $525); *Niebuhr v. Saul*, 18-CV-720, 2020 WL 6484488, at *1 (W.D. Wis. Nov. 4, 2020) (effective hourly rate of $579); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). In addition, counsel obtained a great benefit for the Plaintiff in the past-due benefits award.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Motion for Authorization of Attorney Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b) [ECF No. 26] and AWARDS attorney fees under 42 U.S.C. § 406(b) in the net amount of $4,909.25, which already accounts for the offset of EAJA fees.

The remaining $6,400.00 withheld by the Social Security Administration, which represents the offset EAJA fee, may be released to the Plaintiff.

SO ORDERED on February 26, 2021.

> s/ Theresa L. Springmann
> JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT